UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| QUINTELLE HARDY, | |
| Plaintiff, | **COMPLAINT** |
| -against- | Docket No.:   9:17-CV-1382 (BKS/CFH) |
| RANDOLPH ADAMS, Individually, J. HATFIELD, Individually, and JOHN and JANE DOE 1-10, Individually, | Jury Trial Demanded |
| Defendants. | |

-----------------------------------------------------------------X

Plaintiff QUINTELLE HARDY, by his attorneys, BRETT H. KLEIN, ESQ., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States, arising from two incidents of excessive force and sexual abuse by the defendant New York State Corrections Officers employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), both of which took place on December 23, 2014.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4. Venue is properly laid in the Northern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff QUINTELLE HARDY is a twenty-nine-year old African American man presently residing in the Amityville, New York.  At the relevant time, he was a convicted prisoner at Cayuga Correctional Facility.  He is no longer incarcerated.

7. RANDOLPH ADAMS was, at the relevant time, a corrections officer at Cayuga Correctional Facility.

8. J. HATFIELD was, at the relevant time, a corrections officer at Cayuga Correctional Facility.

9. At the relevant time, defendants JOHN and JANE DOE 1-10, whose actual names plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but are sued herein by the fictitious designation "John Doe" or "Jane Doe," were employees or agents of the State of New York serving as correction officers and/or supervisors at Cayuga Correctional Facility serving as corrections personnel for the State of New York and its Department of Corrections and Community Supervision and, as such, were acting under color of state law.

## FACTS

10. On or about December 23, 2014, plaintiff QUINTELLE HARDY was a convicted prisoner incarcerated at Cayuga Correctional Facility, 2202 State Route 38A, Moravia, New York 13118-1150, where he was under the care, custody, and control of the New York State Department of Corrections and Community Supervision ("DOCCS").

11. Sometime after 12:00 p.m. on the aforesaid date, plaintiff was pulled out of his program, handcuffed, placed in a van and taken to the small box.

12. Once at the small box, Mr. Hardy was unjustifiably physically assaulted, battered, and injured by defendant RANDOLPH ADAMS, a DOCCS correction officer.

13. During the incident, plaintiff was brought to the strip frisk room and made to stand against a wall, with one cuff still around his left wrist.

14. Defendant RANDOLPH ADAMS thereafter repeatedly hit plaintiff's left hand against the wall, and struck plaintiff in the ribs, back, and legs.

15. As a result of the above-described offensive physical contact, plaintiff fell to the floor and sustained injuries to his left wrist and hand, as well as to his back.

16. Plaintiff was thereafter placed in a cell and was examined by a nurse.

17. During the examination, in the presence of defendant J. HATFIELD, another DOCCS correction officer, plaintiff reported that he had been assaulted by defendant RANDOLPH ADAMS.

18. Defendant HATFIELD thereafter returned to plaintiff's cell, handcuffed plaintiff, and then came into plaintiff's cell, and told plaintiff to face the wall.

19. While plaintiff was standing against the wall in his cell, defendant HATFIELD sexually abused plaintiff by grabbing plaintiff's penis and testicles while pressing his body and erect penis against plaintiff's back.

20. After plaintiff was physically and sexually abused by the defendant officers, he was thereafter verbally threatened by both defendant officers ADAMS and HATFIELD, along with other DOCCS officers, who claimed that they would, *inter alia*, spit in plaintiff's food and/or place their genitalia in his food, thereby resulting in plaintiff refraining from eating for a period of time due to fear of contamination of his food.

21. The above-described incidents resulted in plaintiff sustaining pain and suffering, emotional distress, and deprivation of his constitutional rights, which were caused solely by the intentional conduct of the defendant DOCCS officers, who, while acting in the course of their employment for DOCCS, physically and sexually assaulted plaintiff.

22. By reason of the foregoing incidents, plaintiff has sustained physical pain and suffering, including without limitation: severe migraines and headaches, dizziness, fatigue, wrist and hand pain, hand numbness, chronic lower back pain, back pain and spasms, and leg pain and spams, as well as emotional distress and deprivation of his constitutional rights, and has consequently been damaged in an amount to be determined by a jury.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Excessive Force)

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "22" with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of defendants, their agents, servants and employees

were carried out under the color of state law.

25. All of the aforementioned acts deprived plaintiff QUINTELLE HARDY of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

28. The level of force employed by defendants was excessive, objectively unreasonable, constituted cruel and unusual punishment, and was otherwise in violation of plaintiff QUINTELLE HARDY'S constitutional rights.

29. As a result of the aforementioned conduct of defendants, plaintiff QUINTELLE HARDY sustained physical and emotional injuries.

30. As a result of the foregoing, plaintiff QUINTELLE HARDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Eighth and Fourteenth Amendments - 42 U.S.C. § 1983 – Cruel and Unusual Punishment/Sexual Abuse)

31. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

33. All of the aforementioned acts deprived plaintiff QUINTELLE HARDY of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

35. The acts complained of were carried out by the aforementioned individual defendants in their capacities as corrections officers, pursuant to the customs, usages, practices, procedures, and the rules of the State of New York and DOCCS, all under the supervision of ranking officers of said department.

36. Defendant HATFIELD'S intentional contact with plaintiff's genitalia and other intimate areas served no penological purpose and was undertaken with the intent to gratify the officers' sexual desire or humiliate the plaintiff, and thus violated the Eighth Amendment.

37. As a result of the aforementioned conduct of defendants, plaintiff QUINTELLE HARDY sustained physical and emotional injuries, and deprivation of his constitutional rights.

38. As a result of the foregoing, plaintiff QUINTELLE HARDY is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The defendants who witnessed or otherwise knew about the above-described acts of misconduct had an affirmative duty to intervene on behalf of plaintiff QUINTELLE HARDY, whose constitutional rights were being violated in their presence by other officers.

41. The defendants failed to intervene to prevent the unlawful conduct described herein.

42. As a result of the foregoing, plaintiff QUINTELLE HARDY was subjected to excessive force and sexual abuse.

43. As a result of the foregoing, plaintiff QUINTELLE HARDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The supervisory defendants at Cayuga Correctional Facility personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of

others in failing to properly supervise and train their subordinate employees, or by otherwise being personally involved in or condoning the above-described misconduct.

46. As a result of this violation, plaintiff sustained physical and emotional injuries, and was deprived of his constitutional rights.

47. As a result of the foregoing, plaintiff QUINTELLE HARDY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff QUINTELLE HARDY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
December 22, 2017

          BRETT H. KLEIN, ESQ., PLLC
          Attorneys for Plaintiff QUINTELLE HARDY
          305 Broadway, Suite 600
          New York, New York 10007
          (212) 335-0132

          By: _s/ Brett Klein_____
               BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

QUINTELLE HARDY,

                            Plaintiff,

    -against-

RANDOLPH ADAMS, Individually, J. HATFIELD,
Individually, and JOHN and JANE DOE 1-10,
Individually,

                           Defendants.
---------------------------------------------------------------X


**COMMITTEE**

 

**COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132