UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

QUINTELLE HARDY,

                               Plaintiff,                  17 CV 1382
                                                                    (BKS)(CFH)

        -against-

RANDOLPH ADAMS, Individually, and
NATHAN HATFIELD, Individually,

                               Defendants.
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***


**BRETT H. KLEIN, ESQ., PLLC**
*Attorneys for Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

**PRELIMINARY STATEMENT**

Plaintiff respectfully submits this opposition to defendants' motions *in limine*. For the reasons set forth herein, defendants' motions should be denied.

**POINT IV**
**PRECLUSION OF PLAINTIFF'S MEDICAL RECORDS IS NOT WARRANTED**

Defendants move to preclude plaintiff from entering into evidence medical records from two doctors from whom plaintiff sought treatment after his release from federal custody—neurologist, Dr. Jasit Singh, and psychiatrist, Dr. Won Gi Im. Dr. Singh provided treatment for ongoing headaches and wrist, neck, and back pain that plaintiff reported were caused by the assault which forms the basis of this action. Dr. Im is a psychiatrist who treated plaintiff for panic attacks and anxiety, also flowing from these events. For the reasons set forth herein, the extreme remedy of preclusion is not warranted here.

Plaintiff's counsel first became aware of these treaters in 2019, when preparing for plaintiff's deposition, which was conducted on August 6, 2019. Plaintiff's post-custody treatment was disclosed to defense counsel during plaintiff's deposition and counsel confirmed on the record that the medical records were being obtained and would be turned over. Klein Decl. Ex. 1, Hardy Dep. 144:9-22, 1636:9-165:20. Defense counsel also questioned plaintiff extensively regarding the treatment received. *See* Klein Decl. Ex. 1, Hardy Dep. 144:9-150:17, 161:9-195:23. After the deposition, plaintiff requested the relevant records. However, due to an administrative oversight, these records were not transmitted to defense counsel. During preparations for a prior trial

date, this became apparent, and the records were then immediately disclosed, along with releases for said records, on December 15, 2021.

As an initial point, plaintiff is seeking to offer the medical records themselves, and does not intend to call the providers as witnesses. As such, plaintiff has not run afoul of any disclosure required by Rule 26 relating to designating expert witnesses. Further, as to plaintiff's proposed Exhibit 20, which is a certified copy of the Dr. Im records, such records can be admitted under Rule 803(6). *See Chepilko v. Major*, No. 06 CV 5491 (ARR)(LB), 2012 WL 13135142, at *2 (E.D.N.Y. Apr. 5, 2012). Rule 803(6) "favor[s] the admission of evidence rather than its exclusion if it has any probative value at all." *Phoenix Assocs. III v. Stone*, 60 F.3d 95, 101 (2d Cir. 1995) (citing *In re Ollag Constr. Equip. Corp.,* 665 F.2d 43, 46 (2d Cir.1981)). Here, plaintiff's medical records from Dr. Im are admissible, are probative of plaintiff's damages, and in accordance with this Circuit's practice to admit properly certified medical records, should be admitted. *Poulos v. City of New York*, No. 14 CV 03023 (LTS)(BCM), 2018 WL 3750508, at *4 (S.D.N.Y. July 13, 2018), *report and recommendation adopted*, No. 14 CV 302 (LTS)(BCM), 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018) (citing *Perpall v. Pavetek Corp.*, 12 CV 0336 (PKC), 2017 WL 1155764, at *8 (E.D.N.Y. Mar. 27, 2017) ("Courts in this Circuit have generally held that medical records are admissible under the business record exception to the hearsay rule, provided that they satisfy the requirements of FRE 803(6)")).

Regarding plaintiff's proposed Exhibit 19, Dr. Singh's records, while not certified, they may still be admitted pursuant to Rule 807. Pursuant to Rule 807, hearsay statements that are not otherwise admissible under Rule 803 or 804 may be admitted if the statement meets the following requirements:

> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. Fed. R. Evid. 807

Considering the totality of the circumstances, the records meet these two requirements and should be admitted. The records were obtained directly from Dr. Singh and bear his practice name and a fax signature line with his name. Moreover, the records are typewritten, appear unaltered and to be straightforwardly what plaintiff's claims them to be, to wit: medical records documenting treatment received from Dr. Singh. Further, the records are more probative on the point of plaintiff's physical damages than any other evidence that can be obtained through reasonable efforts. On this last point, plaintiff has attempted to obtain a certified copy of Dr. Singh's records for use at trial since early last year. Plaintiff's efforts were to no avail as Dr. Singh appears to have closed his practice due to the COVID-19 pandemic per an automated voice message for the phone number listed for his practice, and no other working contact information has been located despite our best efforts.

    In sum, defendants had an opportunity to probe plaintiff regarding the treatment received from these providers during plaintiff's deposition and have had copies of the records, which are not voluminous, in their possession sufficiently in advance of trial to allow defendants to prepare to meet the evidence included therein. Thus, balancing the probative nature of the evidence as to plaintiff's damages against any potential prejudice to defendants, weighs in favor of admission. Under all of the above circumstances, the

Im and Singh records should be admitted pursuant to Rule 803(6) and Rule 807, respectively.

## POINT II
## RELEVANCE OF SPRAGUE'S MISBEHAVIOR REPORT

As an initial matter, as stated in plaintiff's motion *in limine*, Point II, plaintiff does not intend to offer the recording or transcript of the Tier III Hearing into evidence, but rather listed it for identification as it may be used for impeachment, or such other permissible purpose as may arise at trial since Correction Officer (C.O.) Kristy Sprague, who is listed as a witness by both defendants and plaintiff, gave prior testimony at the hearing. *See* ECF Doc. 50 fn 1.

With respect to defendants' request that, *inter alia*, plaintiff not be permitted to introduce the report or evidence related to the report, or related to plaintiff's denial of C.O. Sprague's allegations, this request should be denied. Plaintiff is not seeking to introduce this evidence for the truth of the matter, but rather because it is plaintiff's theory that the chain of events underlying plaintiff's claims was set in motion initially by a disagreement between plaintiff's mother and C.O. Sprague, and that this disagreement was the motivation behind C.O. Sprague's allegations against plaintiff, and that C.O's Sprague's allegations against plaintiff were in turn the motivation for defendant Adams and Hatfield's misconduct at issue in this trial. Further, it was C.O. Sprague's misbehavior report that led to plaintiff's admission to the Special Housing Unit on the date of the incident, and Adams testified to being aware that plaintiff had been admitted for purportedly threatening a female guard. Thus, as plaintiff argued in his motion *in limine*, while testimony or evidence relating to the subsequent hearing, guilty finding, punishment, appeal, or grievances filed related thereto, are irrelevant and should be

excluded because introducing the determinations made by DOCCS would usurp the jury's role as the ultimate fact finder and could otherwise prejudice plaintiff, the fact of C.O Sprague's claim that plaintiff had threatened her is relevant to defendants' motive. *See* ECF Doc. 50, Point II.  Based on the above, plaintiff should be permitted to offer the misbehavior report and testimony regarding the events surrounding the report, not for the truth of the allegations or lack thereof, but rather because this evidence is relevant to a potential motive for defendants' actions. *See e.g. Sims v. Blot*, 354 F. App'x 504, 507 (2d Cir. 2009) (recognizing the admissibility of evidence that goes to motive); *Leser v. U.S. Bank Nat. Ass'n*, No. 09-CV-2362 (KAM) (MDG), 2012 WL 6738402, at *5 (E.D.N.Y. Dec. 29, 2012).

Further, allowing this testimony will not lead to confusion or result in a trial within a trial if the testimony is limited to the basic timeline of events, including the events involving C.O. Sprague and plaintiff's mother, the events in the yard during which C.O. Sprague claimed plaintiff made the alleged threat, plaintiff's subsequent admission to the SHU, and the alleged assaults that occurred upon admission.  The testimony need not reach anything that occurred after, including any disciplinary proceedings or grievances, as such proceedings in no way relate to the timeline of events, the alleged motive for the assaults, or whether or not the assaults occurred, and are otherwise inadmissible and prejudicial.

Finally, in response to defendants' motion *in limine* Point III, plaintiff is not alleging a conspiracy between C.O. Sprague and defendants, and therefore need not have pled any such claim.  ECF Doc. 63-1 pp. 7-8.  Again, the relevance of this evidence is that it goes to the timeline, defendants' motive, and provides a potential explanation as to

why defendants would have engaged in the misconduct plaintiff will demonstrate at trial.

## POINT III
## PLAINTIFF'S CRIMINAL HISTORY

Defendants seek to admit three felony convictions. Defendants should not be permitted to introduce these convictions for the reasons argued in plaintiff's motion *in limine* Point I. *See* ECF Doc. 50. Additionally, while defendants argue that plaintiff's firearms conviction is admissible pursuant to the second prong of Rule 609(a), admission is "restricted to convictions that bear directly on the likelihood that the defendant will testify truthfully (and not merely on whether he has a propensity to commit crimes)." *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977). Fed. R. Evid. 609(a)(1)(2) (recognizing that "any crime regardless of the punishment . . . if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.") Whether a crime involved dishonesty or false statement is a factual determination for the Court." *Fletcher v. City of N.Y.*, 54 F. Supp. 2d 328, 331–32 (S.D.N.Y. 1999).

Here, a closer review of the indictment proffered by defendants demonstrates that it was plaintiff's co-defendants who were alleged to have engaged in the forgery and false statements, not plaintiff. Therefore, this conviction does not fall within this sub-section. Indeed, it is not at all apparent what if any acts plaintiff committed or whether his acts bear directly on the likelihood that he would testify truthfully. *See* ECF Doc. 63-8. Therefore, given the remoteness of this felony, and that defendants have failed to establish that the conviction falls within 609(a)(2), the prejudice to plaintiff of admitting this conviction outweighs its probative value.

Finally, if for any reason the Court were inclined to admit any information

6

regarding the fact of plaintiff's felony convictions for which he was serving time when these events occurred, plaintiff submits that any such testimony should be limited to the fact that plaintiff has been convicted of a felony and not the nature or details of the crimes, insofar as under the circumstances of this case, the unfair prejudice to plaintiff outweighs the probative value of plaintiff's remote felony convictions. *See e.g.*, *Daniels v. Loizza,* 986 F.Supp. 245, 251 (S.D.N.Y. 1997) (limiting Defendants' use of the conviction to the fact and date of the conviction because "admission of a prior conviction for impeachment purposes in civil rights case was 'likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in [their] incarceration.'"); *see also*, *Thousand v. Corrigan*, No. 15 Civ. 01025 (MAD)(ATB), 2017 WL 4480185, at *5 (N.D.N.Y. Oct. 6, 2017); *United States v. Brown*, 606 F. Supp. 2d 306, 317-18 (E.D.N.Y. 2009).

## CONCLUSION

For the foregoing reasons, plaintiff requests that the Court deny defendants' motions *in limine,* together with such other and further relief to plaintiff as the Court deems appropriate under the circumstances.

Dated: New York, New York
January 25, 2023

BRETT H. KLEIN, ESQ. PLLC
*Attorneys for the Plaintiff*
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN

7