UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUINTELLE HARDY,

                Plaintiff,        9:17-cv-1382 (BKS/CFH)

v.

RANDOLPH ADAMS, individually, and
NATHAN HATFIELD, individually,

                Defendants.
_____

**Appearances:**

*For Plaintiff*:
Brett H. Klein
Office of Brett H. Klein, Esq. PLLC
305 Broadway
Suite 600
New York, New York 10007

*For Defendant:*
Letitia James
Attorney General of the State of New York
David C. White
Assistant Attorney General, of Counsel
Jorge A. Rodriguez
Assistant Attorney General, of Counsel
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Quintelle Hardy brings this § 1983 action against Defendants Randolph Adams and Nathan Hatfield, asserting claims for excessive force and sexual abuse. (Dkt. No. 30.) The case is set for trial on February 6, 2023. Presently before the Court are the parties' motions in

limine. (Dkt. Nos. 50, 63, 65.) The Court heard oral argument on the motions at a final pretrial telephonic conference on January 31, 2023. For the following reasons, the parties' motions are granted in part and denied in part.

## II.   DISCUSSION

### A.   Plaintiff's Convictions

Defendants seek to introduce evidence of Plaintiff's felony convictions. (Dkt. No. 63-1, at 10–15; Dkt. No. 74, at 3–6.) Plaintiff moves to preclude Defendants from introducing evidence related to any of Plaintiff's criminal convictions, (Dkt. No. 50-1, at 4–5), or, in the alternative, seeks to limit testimony related to Plaintiff's criminal convictions to the fact that Plaintiff has been convicted of a felony. (Dkt. No. 73, at 7–8.)

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior criminal conviction "must be admitted" to impeach a witness where the conviction was "for a crime that . . . was punishable . . . by imprisonment for more than one year." Fed. R. Evid. 609(a)(1)(A). "The Rule requires district courts to admit the name of a conviction, its date, and the sentence imposed unless the district court determines that the probative value of that evidence 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Estrada*, 430 F.3d 606, 620–21 (2d Cir. 2005) (Sotomayor, J.) (quoting Fed. R. Evid. 403). Rule 609(a)(2) provides that, "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Unlike Rule 609(a)(1), Rule 609(a)(2) does not require a balancing under Rule 403: "evidence of conviction of a certain type of crime[,] one involving dishonesty or false

statement[,] must be admitted, with the trial court having no discretion." *United States v. Bumagin*, 136 F. Supp. 3d 361, 375 (E.D.N.Y. 2015) (alterations in original) (quoting *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977)).

The applicability of Rule 609(a) is, however, limited by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] [e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

### 1. Federal Conspiracy

Plaintiff argues that evidence of his 2006 federal conspiracy conviction should be excluded because it does not fall within Rule 609(a)(2) and the prejudice to Plaintiff in admitting such evidence outweighs its probative value. (Dkt. No. 73, at 7.) Defendants argue that evidence of the 2006 federal conspiracy conviction must be admitted under Rule 609(a)(2).

Although Defendants refer to Plaintiff's conviction as a "conviction for knowingly making a false statement to a licensed federal firearms dealer," (Dkt. No. 74 at 3), in fact Plaintiff pleaded guilty to one count of conspiracy under 18 U.S.C. § 371. (Dkt. No. 63-8, at 1–2, 5–14.) The indictment to which Plaintiff pleaded guilty alleges that Plaintiff and two co-defendants "did combine, conspire, confederate, agree, and have a tacit understanding with each other to willfully engage in the act of knowingly making false statements and representations in the firearms records that a licensed firearms dealer . . . is required by federal law to maintain." (*Id.* at 1.) The indictment further alleges that Plaintiff's co-defendants executed firearms transaction records "to the effect that they were the actual buyers of the firearms, whereas in truth and in fact they were not the actual buyers of said firearms . . . in violation of 18 U.S.C. § 924(a)(1)(A)." (*Id.*)

3

Rule 609(a)(2) states that "for any crime regardless of the punishment," evidence of a criminal conviction "must be admitted if the court can readily determine that establishing *the elements of the crime* required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2) (emphasis added); *see also* Fed. R. Evid. 609 advisory committee's note. Here, the conspiracy crime itself does not require that any dishonest act or false statement be made. *See* 18 U.S.C. § 371 ("If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both."). The overt acts in furtherance of the charged conspiracy—that is, the false statements—were alleged to have been committed by Plaintiff's co-defendants. (Dkt. No. 63-8.) Defendants have not cited to anything in this record that would indicate that the elements of the crime required proving—or Plaintiff's admitting—a dishonest act or false statement. *See Marshall v. Port Auth. of N.Y. & N.J.*, No. 19-cv-2168, 2022 WL 17491006, at *4, 2022 U.S. Dist. LEXIS 219372, at *11–12 (S.D.N.Y. Dec. 5, 2022) (declining to apply Rule 609(a)(2) where "the [criminal] statute itself does not require that any dishonest act be taken or any false statement made"). Therefore, the Court finds that Rule 609(a)(2) does not apply.

Since Plaintiff was released from confinement stemming from this conviction in 2017—less than ten years ago, (Dkt. No. 63-8, at 16)—Rule 609(a)(1) applies, and the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon v. Kinter*, No. 13-cv-00939, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *4 (N.D.N.Y. July 19, 2021); *see also Estrada*, 430 F.3d at 615–16. Here, Plaintiff's conspiracy conviction has significant impeachment value with

respect to Plaintiff's truthfulness. While the elements of the crime did not require admitting a dishonest act, Fed. R. Evid. 609(a)(2), the indictment indicates that Plaintiff, with others, "did combine, conspire, confederate, agree, and have a tacit understanding with each other to willfully engage in the act of knowingly making false statements and representations in the firearms records that a licensed firearms dealer . . . is required by federal law to maintain." (Dkt. No. 63-8, at 1.) This is highly probative of Plaintiff's propensity for truthfulness. *See Jeanty v. Cerminaro*, No. 16-cv-966, 2021 WL 2778572, at *3, 2021 U.S. Dist. LEXIS 124089, at *9 (N.D.N.Y. July 2, 2021) (admitting evidence of a conviction that involved dishonest act). Furthermore, Plaintiff's conspiracy conviction is wholly dissimilar from the issues in dispute here, thereby lessening prejudicial effect. *See Stephen v. Hanley*, No. 03-cv-6226, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (E.D.N.Y. May 21, 2009) ("The less similar the pending case to the prior conviction, the less prejudicial its admission is." (citing *Hayes*, 553 F.2d at 828)) And because Plaintiff plans to offer his account of the interactions with Defendants, Plaintiff's credibility will have to be assessed against the Defendants' credibility and the credibility of other witnesses, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of a prior conviction involving dishonesty is probative of his credibility. *See Crenshaw v. Herbert*, 409 F. App'x 428, 431–32 (2d Cir. 2011) (summary order) (finding no abuse of discretion in admitting evidence of a prior conviction in a § 1983 case because "[e]vidence of [the plaintiff's prior conviction] was probative of his veracity, a central issue in this case because the jury was required to choose between two contradictory versions of the underlying incident" (internal citation omitted)). While the age of Plaintiff's conviction tends to lessen probative value, s*ee Thomas v. Leifeld*, No. 12-cv-321, 2018 WL 3387690, at *3, 2018 U.S. Dist. LEXIS 116008, at

*5 (N.D.N.Y. July 12, 2018) (finding that the remoteness of a plaintiff's conviction weighed "in favor of excluding the impeachment testimony"), the centrality of the Plaintiff's truthfulness to the issues, and the probative value Plaintiff's conspiracy conviction provides, outweighs the prejudicial effect of admitting it. *See Crenshaw*, 409 F. App'x at 431–32. Thus, Defendants are permitted to inquire into Plaintiff's 2006 conspiracy conviction, but they may only inquire into the "the 'essential facts' of [the] convictions, including the statutory name[,] . . . the date of conviction, and the sentence imposed." *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005).

### 2. Criminal Possession of a Controlled Substance

Plaintiff argues that evidence of his 2011 conviction for criminal possession of a controlled substance should be excluded because Rule 403 balancing weighs in favor of exclusion. (Dkt. No. 50-1, at 4.) Defendants argue that this conviction, along with all of Plaintiff's felony convictions, is probative of Plaintiff's truthfulness and therefore admissible for impeachment. (Dkt. No. 63-1, at 13–14.)

Plaintiff was released from confinement stemming from this conviction in 2015— less than ten years ago. (Dkt. No. 63-9, at 4–5.) Accordingly, Rule 609(a)(1) applies, and the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See Brandon*, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *4; *see also Estrada*, 430 F.3d at 615–16. Drug-related crimes are generally "less probative of veracity" as compared to others, such as "theft and escape crimes." *Estrada*, 430 F.3d at 617–18; *see also United States v. Puco*, 453 F.2d 539, 542–43 (2d Cir. 1971); *United States v. Brown*, 606 F. Supp. 2d 306, 319 (E.D.N.Y. 2009). Plaintiff was convicted of the drug-related crime at issue more than ten years ago, which tends to lessen probative value. *See Thomas*, 2018 WL 3387690, at *3, 2018 U.S. Dist. LEXIS 116008, at *5. Nevertheless, because

6

Plaintiff plans to offer his account of the interactions with Defendants, Plaintiff's credibility will have to be assessed against the Defendants' credibility and the credibility of other witnesses, who are expected to testify to a different version of events. Plaintiff's character for veracity is therefore a central issue in this case, and the existence of prior felony convictions is probative of his credibility. *See Crenshaw*, 409 F. App'x at 431–32. Additionally, the Court notes that drug crimes are wholly dissimilar from the issues in dispute here, thereby lessening prejudicial effect. *See Stephen*, 2009 WL 1471180, at *5, 2009 U.S. Dist. LEXIS 43334, at *13 (citing *Hayes*, 553 F.2d at 828)). Furthermore, the jury will know by the nature of his claim against correctional officers that Plaintiff was convicted of a crime and was serving a prison sentence, which further limits prejudicial effect. *See Espinosa v. McCabe*, No. 10-cv-497, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *16 (N.D.N.Y. Mar. 12, 2014).

Therefore, having weighed the relevant factors, the Court finds evidence related to Plaintiff's conviction for criminal possession of a controlled substance admissible to impeach Plaintiff. But, as with Plaintiff's conspiracy conviction, Defendants may only inquire into the "the 'essential facts' of [the] convictions." *Estrada*, 430 F.3d at 615.

### 3. Criminal Possession of a Weapon

Defendants argue that evidence of Plaintiff's 2011 conviction for criminal possession of a weapon is probative of Plaintiff's truthfulness and therefore admissible for impeachment. (Dkt. No. 63-1, at 13–14.) Plaintiff does not specifically address this conviction.

As with Plaintiff's controlled substance conviction, Plaintiff was released from confinement stemming from this conviction in 2015—less than ten years ago. (Dkt. No. 63-9, at 4–5.) Accordingly, Rule 609(a)(1) applies, and the Court must balance the probative value of introducing evidence of Plaintiff's conviction against its prejudicial effect under Rule 403. *See*

*Brandon*, 2021 WL 3032693, at *2, 2021 U.S. Dist. LEXIS 133484, at *4; *see also Estrada*, 430 F.3d at 615–16.

While Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully, convictions for "weapons possession are generally not particularly probative as to honesty or veracity." *Espinosa*, 2014 WL 988832, at *4, 2014 U.S. Dist. LEXIS 31741, at *12–13 (citing *Estrada*, 430 F.3d at 617–18). Additionally, "the factor[] of . . . cumulative evidence militate[s] against admitting evidence of each of Plaintiff's felony convictions." *Id.*, 2014 WL 988832, at *6, 2014 U.S. Dist. LEXIS 31741, at *15–16. Having already found evidence related to Plaintiff's two other felony convictions admissible, the Court finds that evidence of Plaintiff's conviction for criminal possession of a weapon is unduly cumulative and prejudicial. *See id.* Accordingly, such evidence is excluded.[1]

### B.     Inmate Misbehavior Report, Disciplinary Hearing, and Grievances

Plaintiff moves to preclude evidence related to "the disciplinary hearing, resultant findings or punishment[,] . . . plaintiff's appeal [of the disciplinary findings][,] and any grievances plaintiff filed" related to the allegations made by non-party Correction Officer Kristy Sprague that Plaintiff threatened her. (Dkt. No. 50-1, at 5–7.) Defendants, meanwhile, move to preclude evidence related to the veracity of the corresponding Inmate Misbehavior Report or alleging that the corresponding charges were false or that Plaintiff was innocent of those charges. (Dkt. No. 63-1, at 6–9.) The parties do not dispute the admissibility of the December 23, 2014,

---

[1] Plaintiff also moves to preclude any evidence related to his 1996 misdemeanor assault conviction, his prior "unproven arrests," and his "incarceration history." (Dkt. No. 50-1, at 3–4.) At the final pretrial conference, Defendants stated that they do not seek to introduce evidence of Plaintiff's arrests or his misdemeanor assault conviction. Thus, these motions are denied as moot. Although Defendants did not respond in writing to the motion to preclude evidence of "incarceration history," at the conference they stated that they seek to introduce evidence of a disciplinary conviction for making a false statement. Defendants are directed to produce evidence of that disciplinary conviction, including the misbehavior report that led to the conviction, by February 2, 2023, in order to allow the Court to consider its admissibility.

Inmate Misbehavior Report written by Sprague. Both parties include it among their proposed exhibits. (Dkt. Nos. 46, 57.)

The Court agrees with Plaintiff that "any testimony or evidence related to outcome or findings rendered with respect to the disciplinary proceedings initiated by [] Sprague, including any evidence relating to plaintiff's appeal of said findings, or how said findings impacted plaintiff's good time and release date" are inadmissible. (Dkt. No. 50-1, at 6.) Plaintiff seeks to admit the Inmate Misbehavior Report "not for the truth of the allegations or lack thereof, but rather because this evidence is relevant to a potential motive for defendants' actions." (Dkt. No. 73); *see also Sims v. Blot*, 354 F. App'x 504, 507 (2d Cir. 2009) ("The evidence of . . . conduct was admissible under 404(b), primarily under the 'proof of motive' exception . . . [to suggest] that . . . misconduct was a motive for an assault by [prison] guards."). But evidence related to subsequent proceedings stemming from the Inmate Misbehavior Report is not relevant to Plaintiff's claims and would confuse the issues. *See Ridge v. Davis*, No. 18-cv-8958, 2022 WL 16737299, at *2, 2022 U.S. Dist. LEXIS 202603, at *4-5 (S.D.N.Y. Nov. 7, 2022) (finding the disposition relating to an arrest irrelevant and inadmissible despite the circumstances surrounding the arrest itself being admissible under Rule 404(b)). Thus, such evidence is inadmissible under Rule 402.[2]

However, to the extent that Plaintiff testifies that he did not make a derogatory comment to Sprague as is alleged in the Inmate Misbehavior Report or that the Inmate Misbehavior Report is otherwise false, Defendants are permitted to inquire on cross-examination whether Plaintiff was found guilty of the allegations included in the Inmate Misbehavior Report. To the extent

---

[2] It is also inadmissible under Federal Rule of Evidence 403 because any minimal probative value is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.

9

either party seeks to utilize the transcript or recording of the disciplinary hearing that resulted from this Inmate Misbehavior Report for impeachment purposes during trial, the Court will address objections as they arise.

Plaintiff also argues that grievances related to Sprague's allegations and Plaintiff's subsequent punishment are irrelevant and inadmissible. (Dkt. No. 50-1, at 6–7.) Defendants contend that these grievances demonstrate that Plaintiff was aware of the grievance procedure and was able to file grievances at the relevant time. (Dkt. No. 74, at 8.) Plaintiff's knowledge of the grievance procedure is, however, not at issue in this case. The Court finds that the unrelated grievances are irrelevant and inadmissible. *See Walker v. Schult*, 365 F. Supp. 3d 266, 280–81 (N.D.N.Y. Mar. 13, 2019) (excluding evidence of an inmate's prior unrelated grievances).

### C. Prior Lawsuit and Back Injury

Plaintiff seeks to preclude evidence of his prior back injury and a subsequent lawsuit, which involved a car accident and back injury and occurred when Plaintiff was approximately twelve years old. (Dkt. No. 50-1, at 8–9.) Defendants do not seek to admit evidence of the prior lawsuit, and thus that aspect of Plaintiff's motion is denied as moot.

But Defendants argue that Plaintiff has placed the condition of his back at issue and that evidence related to Plaintiff's back is therefore admissible. (Dkt. No. 74, at 11.) Defendants assert that there is evidence that Plaintiff has had ongoing back issues dating back to this 1998 car crash. In light of that, the Court agrees that evidence related to Plaintiff's prior back injury is admissible as relevant to Plaintiff's claimed damages. *See Diggs v. Guynup*, No. 17-cv-736, 2022 WL 3355959, at *3, 2022 U.S. Dist. LEXIS 144988, at *8–9 (N.D.N.Y. Aug. 15, 2022); *see also Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) ("Past medical records detailing [the plaintiff's] physical condition are relevant to the extent that causation of [the plaintiff's] injuries

is in controversy.") Defendants may inquire into Plaintiff's ongoing back issues stemming from his 1998 injury, as reflected in the record.

### D. Medical Records and Treatment

Defendants move to preclude Plaintiff from offering medical records or testimony regarding treatment Plaintiff received from outside medical providers because Plaintiff was delayed in identifying the records and failed to identify the records' preparers as witnesses. (Dkt. No. 63-1, at 3–6.) Plaintiff states that he does not intend to call the records' preparers as witnesses and that the records themselves are admissible. (Dkt. No. 73, at 2–5.) At the telephone conference, Defendants raised for the first time an argument that the records, even if authentic, lack context and are confusing or indecipherable and should therefore not be submitted to the jury. Defendants have not provided case law to support this position.

As an initial matter, the Court notes that Plaintiff concedes that the medical records at issue were not transmitted to Defendants in 2019, when Plaintiff intended to transmit them, "due to an administrative oversight." (*Id.* at 2.) However, the records were disclosed on December 15, 2021, in advance of a prior trial date. (*Id.* at 3.) But that trial date was rescheduled to a date more than a year later. (Dkt. No. 67.) Any argument of "sandbagging" is therefore moot. *See Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008).

The Court agrees with Plaintiff that Rule 803(6) applies to Dr. Im's records, provided the records are certified in satisfaction of Rules 803(6) and 902 as Plaintiff asserts they are. *See Perpall v. Pavetek Corp.*, No. 12-cv-0336, 2017 WL 1155764, at *8, 2017 U.S. Dist. LEXIS 44567, at *25–26 (E.D.N.Y. Mar. 27, 2017).

As to Dr. Singh's records, Plaintiff must show that the records are "supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and . . . [they are] more

11

probative on the point for which [they are] offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). "Rule 807 permits admission of hearsay if (i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." *United States v. Dawkins*, 999 F.3d 767, 791 (2d Cir. 2021) (footnote, citation, and quotation marks omitted). It appears that Plaintiff has established these requirements. Plaintiff states that the records "were obtained directly from Dr. Singh and bear his practice name and a fax signature line with his name." (Dkt. No. 73, at 4.) There is no indication that Dr. Singh's records are untrustworthy. *See Camera v. Freston*, No. 18-cv-1595, 2022 WL 557569, at *4, 2022 U.S. Dist. LEXIS 32331, at *11–12 (D. Conn. Feb. 24, 2022). The records bear on a material fact—the condition of Plaintiff's back and other physical injuries allegedly resulting from Defendant Adams's conduct—that Defendants concede is at issue and about which Defendants will submit their own evidence. (Dkt. No. 74, at 11.) Dr. Singh's records are also likely the most probative evidence available to Plaintiff of that material fact: Dr. Singh treated Plaintiff upon his release from prison "for ongoing headaches and wrist, neck, and back pain that plaintiff reported were caused by the assault which forms the basis of this action." (Dkt. No. 73, at 2.) Additionally, Plaintiff notes that he attempted to get a certified copy of Dr. Singh's records but that Dr. Singh closed his medical practice as a result of the Covid-19 pandemic. (*Id.* at 4.) If not for that circumstance, Dr. Singh's records may well have been self-authenticating under Rule 902. Finally, as already noted, the records were provided to Defendants well in advance of the rescheduled trial date.

However, the Court must still decide whether the records are so voluminous or indecipherable as to "risk confusing the jury and wasting judicial resources." *See Harris v. Donahue*, No. 15-cv-1274, 2017 WL 3638452, at *3, 2017 U.S. Dist. LEXIS 134786, at *8 (N.D.N.Y. Aug. 23, 2017). Since the Court has not yet seen either Dr. Im's or Dr. Singh's records, Plaintiff must submit these records in advance of trial. After review of the records, the Court will determine whether the records are admissible.

### E.     Preclusion of Witnesses

Plaintiff moves to preclude certain witnesses based on Defendants' delayed identification under Rules 26 and 37. (Dkt. No. 65, at 1–3.) Defendants argue that their failure to identify these witnesses was harmless and preclusion is not warranted. (Dkt. No. 74, at 11–16.)

As an initial matter, Defendants state that they "do not anticipate calling" any of the witnesses Plaintiff identifies except R.N. Dominic Giovannetti and Sgt. Paul Barr. (*Id.* at 13–15.) Thus, the Court need not consider whether to exclude the other four witnesses Plaintiff moves to preclude. (Dkt. No. 65, at 2.)

When deciding whether to preclude witnesses under Rule 37, a court must consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the [] witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citation and quotation marks omitted).

Here, Defendants have not given any reason for their failure to disclose Giovannetti and Barr as witnesses earlier; with respect to R.N. Giovannetti, they suggest that disclosing "medical providers" in their Rule 26 disclosure was sufficient. Despite not disclosing Giovannetti or Barr, the Court finds that their preclusion as witnesses is not warranted. The Court agrees with

13

Defendants that Plaintiff was on notice of the relevant information both Giovannetti and Barr had, (Dkt. No. 74, at 13–15), and that Defendants' error was therefore harmless. *See Redd v. N.Y. State Div. of Parole*, 923 F. Supp. 2d 393, 407–08 (E.D.N.Y. 2013) (finding a failure to provide complete Rule 26 disclosures harmless because the opposing party was on notice of the proposed witnesses' relevant knowledge and had ample opportunity to take depositions); *Rojo v. Deutsche Bank*, No. 06-cv-13574, 2009 WL 3790191, at *5, 2009 U.S. Dist. LEXIS 110848, at *17 (S.D.N.Y. Oct. 30, 2009) ("[F]ailure to disclose . . . witnesses was harmless . . . as [the opposing party] clearly was aware of them and chose not to depose any of them."). Furthermore, as with Plaintiff's disclosure of medical records, the delayed identification of these witnesses has created minimal prejudice since the trial date was delayed by more than a year. *See Patterson*, 440 F.3d at 118 (stating that a continuance may cure alleged prejudice). Finally, each of these witnesses' testimony will bear on material facts—Giovannetti provided medical treatment to Plaintiff around the time of the alleged assault, (Dkt. No. 74, at 14), and Barr interviewed Plaintiff about the alleged sexual abuse, (*Id.* at 15)—and the content of their testimony is readily identifiable from the record. Defendants acknowledge that Barr's testimony will be limited to the interview of Plaintiff that is reflected in D-8, and Defendants are directed to provide Plaintiff with a summary of the testimony that they expect to elicit from Giovannetti that is not reflected in the medical records that have been provided. Thus, the Court will not preclude Giovannetti and Barr from testifying as witnesses.

  **F. Conspiracy**

  Defendants move to preclude Plaintiff "from offering any evidence or eliciting any testimony sounding in conspiracy," but do not reference any specific evidence to which they are objecting. (Dkt. No. 63-1, at 9–10.) Plaintiff states that he "is not alleging a conspiracy" and that Plaintiff's evidence in general is relevant to "timeline, defendants' motive, and . . . why

defendants would have engaged in the misconduct plaintiff will demonstrate at trial." (Dkt. No. 73, at 6–7.) Thus, this motion is denied as moot.

        **G.     Objections to Specific Proposed Exhibits**

Plaintiff moves to exclude certain exhibits included in Defendants' proposed exhibit list. (Dkt. No. 50-1, at 7–8.)

First, Plaintiff seeks exclusion of D-5, an investigative report related to Plaintiff's excessive force claim, and D-8, a memorandum report related to an investigation into Plaintiff's sexual abuse claim. (*Id.*) Plaintiff asserts that these exhibits would usurp the role of the jury and otherwise prejudice Plaintiff. (*Id.*) Defendants argue that these records are admissible as public records under Rule 803(8). (Dkt. No. 74, at 9.) Defendants also suggested for the first time at the telephone conference that D-8 is admissible as a business record under Rule 803(6).

While Rule 803(6) does allow admission of certain business records and Rule 803(8) allows for admission of certain public records, the records "must be broken down into [their] component parts to assess [their] admissibility," when the contents are challenged on hearsay grounds, *see Brown v. Pagan*, No. 08-cv-8372, 2010 WL 1430702, at *1, 2010 U.S. Dist. LEXIS 34800, at *2 (S.D.N.Y. Apr. 8, 2010). That is, aside from the reports being admissible, statements within the reports must themselves "fit into their own hearsay exceptions to be admissible." *Id.*, 2010 WL 1430702, at *1, 2010 U.S. Dist. LEXIS 34800, at *3; *see also United States v. Carneglia*, 256 F.R.D. 384, 392 (E.D.N.Y. 2009) ("[Police] reports contain double hearsay—i.e., the first level being the report itself, and the second level the hearsay in the document. Double hearsay is admissible if each level of hearsay satisfies a hearsay exception."). Here, the DOCCS employees' summaries of conversation with Plaintiff are hearsay within hearsay. *See Brown*, 2010 WL 1430702, at *1, 2010 U.S. Dist. LEXIS 34800, at *3 ("[T]he report contains statements made by [the plaintiff] . . . to the officer, which are hearsay within

15

hearsay and must fit into their own hearsay exceptions to be admissible."). Defendants argue that the portions of the records recounting interviews of Plaintiff are statements of a party opponent, which are admissible under Rule 801(d)(2). Plaintiff argues that the records do not, in fact, contain Plaintiff's statements, but rather the preparers' summaries and impressions of Plaintiff's statements, which are not admissible under Rule 801(d)(2).

In evaluating the admissibility of evaluative reports such as these, the Advisory Committee notes for Rule 803 suggest that "problems of the motivation" of the record's preparer can be considered when analyzing Rule 803(6) and that "motivation problems" can be considered when analyzing Rule 803(8). *See* Fed. R. Evid. 803 advisory committee's note. Here, the preparer of each report is a DOCCS employee. This creates the potential for improper motivation to find that complaints against correction officers are unsubstantiated. *See Lewis v. Velez*, 149 F.R.D. 474, 488 (S.D.N.Y. 1993). This is true even when the preparer of the report is not a defendant in the action. *See Anderson v. City of N.Y.*, 657 F. Supp. 1571, 1577–79 (S.D.N.Y. 1987) (barring admission of a congressional report on police misconduct that was based upon testimony given at hearings by public officials, officers, and others, who were motivated by general self-interest). Even so, it is the burden of the party opposing admission to show a lack of trustworthiness, *Pasternak v. Baines*, No. 00-cv-369, 2007 WL 9777690, at *2, 2007 U.S. Dist. LEXIS 109995, at *4 (W.D.N.Y. July 20, 2007), and Plaintiff has made no suggestion that the reports are untrustworthy. (Dkt. No. 50-1, at 7–8.)

To the extent that Defendants lay proper foundations for D-5 and D-8 as business records, the portions of the reports recounting statements made by Plaintiff are admissible as statements of a party opponent. *See* Fed. R. Evid. 801(d)(2); *see also Brown*, 2010 WL 1430702, at *1, 2010 U.S. Dist. LEXIS 34800, at *3 ("[The plaintiff's] statement within the report, if

16

offered by Defendants, is the admission of a party opponent, and thus is admissible."). But the Court, in its discretion, *see Lewis*, 149 F.R.D. at 488, finds that the remainder of the reports, including any impressions or conclusions stated by the preparers, are inadmissible under Rule 403. Any assessments of Plaintiff's claims and conclusions based on those assessments involve the same determinations that the jury in this case must make. Thus, the Court finds that admitting such information would usurp the role of the jury and present dangers of confusing the issues and misleading the jury. *See Orsaio v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 17-cv-685, 2022 WL 351827, at *5, 2022 U.S. Dist. LEXIS 23646, at *16–17 (N.D.N.Y. Jan. 14, 2022) (excluding reports issued after a government agency's investigation that included both factual findings and final determinations because "any probative value . . . is substantially outweighed by the danger of unfair prejudice, misleading the jury, and wasting time"); *Chalco v. Belair*, No. 15-cv-340, 2019 WL 456162, at *4, 2019 U.S. Dist. LEXIS 18148, at *11 (D. Conn. Feb. 5, 2019) (holding that "factual findings and legal conclusions made by [police department] investigations are inadmissible" because they may "impermissibly tells the jury what result to reach"). Since the Court finds that the probative value of those portions of the reports is substantially outweighed by the dangers of unfair prejudice, misleading the jury, and otherwise usurping the role of the jury, the contents of the reports beyond the statements made by Plaintiff are inadmissible under Rule 403.

Plaintiff next seeks to exclude D-11 and D-12, which are sick call requests, or "sick slips" that Plaintiff asserts are irrelevant. (Dkt. No. 50-1, at 8.) Defendants do not dispute that these sick slips do not relate to the alleged assaults at issue. (Dkt. No. 74, at 10.) While Defendants argue that the sick slips are relevant to the extent that Plaintiff seeks to argue that he was denied medical care or that individuals at the SHU conspired to prevent him from seeking

proper care, (*id.*), there is no claim for denial of medical care or conspiracy. Therefore, these exhibits are inadmissible as irrelevant under Rule 402.

Lastly, Plaintiff seeks to exclude D-13, a grievance filed by Plaintiff. (Dkt. No. 74, at 10.) The Court addressed the admissibility of grievances above and reiterates that the existence of grievances unrelated to the incidents at issue is not admissible. *See* Fed. R. Evid. 402; *Walker*, 365 F. Supp. 3d at 280–81.[3]

## III.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motions in limine, (Dkt. Nos. 50, 65), and Defendant's motion in limine, (Dkt. No. 63), are **GRANTED in part** and **DENIED in part** as set forth above.

**IT IS SO ORDERED.**

Dated: February 1, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge

---

[3] Plaintiff also "objects to [D-6 and D-7] being offered by defendants unless a proper foundation is laid and subject to them being offered for a proper purpose." (Dkt. No. 50-1, at 8.) At the conference, however, Plaintiff acknowledged that D-7, which is a letter written by him concerning the events at issue, is admissible as a statement of a party opponent under Federal Rule of Evidence 801(d)(2). The Court will rule on D-6 following evidence of a foundation at trial.